UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST, WESTERN WASHINGTON LABORERS-EMPLOYERS PENSION TRUST, NORTHWEST LABORERS-EMPLOYERS TRAINING TRUST, and WASHINGTON AND NORTHERN IDAHO DISTRICT COUNCIL OF LABORERS AND ITS AFFILIATED UNION LOCALS<br><br>　　　　　　　　　　Plaintiffs<br>　v.<br><br>ALLIANCE CLEANING CO., LLC<br><br>　　　　　　　　　　Defendant | NO.<br><br>COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT |

COME NOW PLAINTIFFS, and for their cause of action, allege as follows:

1. Plaintiffs Northwest Laborers-Employers Health & Security Trust, Western Washington Laborers-Employers Pension Trust, and Northwest Laborers-Employers Training Trust (Trust Funds) are joint labor-management employee benefit trust funds created pursuant to § 302(c)(5) of the Labor-Management Relations Act (the Act), 29 U.S.C. § 186(c)(5) and bring

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—1

this action in accordance with §§ 502(d)(1), 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

2. Plaintiff Washington and Northern Idaho District Council of Laborers and its affiliated Union locals (Union) is a labor organization that has its principal office located at 3909 164th Street SW, Lynnwood, Washington.

3. Defendant Alliance Cleaning Co. LLC (Employer), is engaged in business within the jurisdiction of this Court, and such business affects commerce within the meaning of § 301(a) of the Act, 29 U.S.C. § 185(a).

4. Jurisdiction is conferred on this Court by § 301(a) of the Act, 29 U.S.C. § 185(a) and §§ 502(a)(3) and 502(e)(2) of ERISA, 29 U.S.C. § 1132(a)(3) and § 1132(e)(2).

5. At all times material the Employer and the Union and its affiliated Local No. 252 were parties to a collective bargaining agreement (Labor Agreement) and Trust agreements, material parts of which are set forth as Exhibits A and B, respectively, to this Complaint. Plaintiff Trust Funds are third-party beneficiaries to the Labor Agreement.

6. The Employer has failed to abide by the terms and conditions set forth in the Labor Agreement and the Trust Agreements and is and continues to be delinquent in the payment of fringe benefit contributions, dues, and other wage deductions in an unknown amount for the period July 2016 forward, which are due and payable under the terms of the Labor Agreement and the Trust Agreements. The Employer's failure to pay is also a violation of § 515 of ERISA, 29 U.S.C. § 1145.

7. The Employer's failure to pay fringe benefit contributions, dues, and other wage deductions which continue after the filing of this Complaint violates the Labor Agreement and

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—2

**STOLL LAW GROUP, PLLC**
2033 Sixth Avenue — Suite 993
Seattle, WA  98121-2527
Telephone 206-623-2855
Fax 206-667-9805

the Trust Agreements. The Employer's failure to pay is also a violation of § 515 of ERISA, 29 U.S.C. § 1145.

8. The full extent of the Employer's delinquency to the date of this Complaint is unknown at this time and will be determined by an examination of the Employer's payroll records, which examination is authorized by the Trust Agreements, ERISA, 29 U.S.C. §§ 1027 and 1059, and controlling Federal court decisions. The continuing failure of the Employer to pay contributions, dues, and other wage deductions and to file monthly contribution report forms makes the full extent of the Employer's delinquency uncertain and it will be determined at the time of trial.

9. The Employer has failed to abide by the terms and conditions set forth in the Labor Agreement and the Trust Agreements and is delinquent in the payment of dues and other wage deductions owing to the Union.

10. Under the terms of the Labor Agreement and Trust Agreements to which the Employer is bound, the Employer is also obligated to pay all liquidated damages in the amount of 15 percent (15%) of the delinquent contributions owing, interest computed at the rate of 15 percent (15%) per annum, and costs and expenses incurred, including reasonable attorney's fees.

11. If judgment is entered by default, reasonable attorney fees as of the date of this Complaint is $2,000.00.

WHEREFORE, Plaintiffs pray for the following relief:

(a) Judgment against Alliance Cleaning Co. LLC, representing contributions, dues, and other wage deductions, liquidated damages, and interest in an amount to be determined at the time of trial;

(b) All costs and attorney fees incurred; and

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—3

**STOLL LAW GROUP, PLLC**
2033 Sixth Avenue — Suite 993
Seattle, WA 98121-2527
Telephone 206-623-2855
Fax 206-667-9805

1     (c)     Such other relief as the Court deems just and equitable.

2     DATED January 25, 2017

                              s/ Mary L. Stoll
                              Mary L. Stoll, WSBA No. 16446
                              Attorney for Plaintiff Trust Funds and Union
                              STOLL LAW GROUP, PLLC
                              2033 Sixth Avenue — Suite 993
                              Seattle WA  98121-2527
                              Telephone 206-623-2855
                              Fax 206-667-9805
                              Email marys@mlstoll-law.com

COMPLAINT FOR BREACH OF
COLLECTIVE BARGAINING AGREEMENT—4